IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------- x
In re:                                            :   Chapter 11
                                                  :
LMI LEGACY HOLDINGS INC., et al.,[1]              :   Case No. 13-12098 (CSS)
                                                  :
                                                  :   Jointly Administered
                         Debtors.                 :
                                                  :
------------------------------------------------- x   Ref. Docket No. 590

**ORDER: (A) APPROVING SOLICITATION OF
DISCLOSURE STATEMENT; (B) FIXING VOTING RECORD DATE;
(C) APPROVING SOLICITATION MATERIALS AND PROCEDURES FOR
DISTRIBUTION THEREOF; (D) APPROVING FORMS OF BALLOTS AND
ESTABLISHING PROCEDURES FOR VOTING ON PLAN; (E) SCHEDULING
CONSOLIDATED DISCLOSURE STATEMENT AND CONFIRMATION HEARING
AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES
IN CONNECTION THEREWITH; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of the debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Movants"), for entry of an order, pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3001, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) approving solicitation of the *Disclosure Statement With Respect to the Joint Plan of Liquidation of LMI Legacy Holdings Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy*

---

[1] The Debtors in these cases are as follows: LMI Legacy Holdings Inc.; LMI Legacy Holdings II Inc.; LMI Legacy Holdings III Inc.; LMI Legacy Holdings IV Inc.; LMI Legacy Holdings I LLC; LMI Legacy Holdings II LLC; LMI Legacy Holdings III LLC; LMI Legacy Holdings IV LLC.

01:15069375.3

*Code* (as the same may be amended, modified, and/or supplemented, the "Revised Disclosure Statement"); (b) fixing a voting record date for purposes of determining which holders of Claims[2] against the Debtors are entitled to vote on the *Joint Plan of Liquidation of LMI Legacy Holdings Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as the same may be amended, modified, and/or supplemented, the "Plan of Liquidation"); (c) approving solicitation materials and procedures for distribution of the Revised Disclosure Statement and the Plan of Liquidation; (d) approving forms of Ballots and establishing procedures for voting on the Plan of Liquidation; (e) scheduling a combined hearing to consider final approval of the Revised Disclosure Statement and confirmation of the Plan of Liquidation, and establishing notice and objection procedures in respect thereof; and (f) granting related relief; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012;* and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having filed with the Court the Revised Disclosure Statement and the Plan of Liquidation; and the Court having reviewed the Revised Disclosure Statement, the Motion, and the responses thereto, if any; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing to consider the Motion, if any, establish just cause for the relief granted herein; and sufficient notice of the Motion having been given; and no other or further notice being necessary or required; and it appearing to the Court, based upon the full record of the Chapter 11 Cases, that the Motion should be granted; and after

---

[2] Capitalized terms used but not otherwise defined herein shall the meanings that are ascribed to such terms in the Motion or the Revised Disclosure Statement and Plan, as applicable.

due deliberation, and sufficient cause appearing therefor,

## IT IS HEREBY FOUND THAT:

A. The Debtors have all necessary authority to propose and prosecute the Plan of Liquidation and Revised Disclosure Statement.

B. Notice of the Motion and the relief requested thereby was served as proposed in the Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

C. The period, set forth below, during which the Debtors may solicit acceptances to the Plan of Liquidation is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan of Liquidation, including to make an informed decision to object to the Plan of Liquidation.

D. The procedures for the solicitation and tabulation of votes to accept or reject the Plan of Liquidation (as more fully set forth in the Motion and in this Order below) provide for a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code.

E. The notice substantially in the form annexed hereto as Exhibit 1 (the "Consolidated Hearing Notice"), the notice substantially in the form annexed hereto as Exhibit 3 (the "Non-Voting Party Notice"), and the procedures set forth below for providing such notices to creditors of the time, date, and place of the hearing to consider approval of the Revised Disclosure Statement and confirmation of the Plan of Liquidation (the "Consolidated Hearing"), and the contents of the Consolidated Hearing Notice and the Non-Voting Party Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

F. The forms of Ballots annexed hereto as <u>Exhibits 2-A</u> and <u>2-B</u> are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for each Class of Claims that is entitled to vote to accept or reject the Plan of Liquidation.

**NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Revised Disclosure Statement is approved on a preliminary basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and the Debtors are authorized to distribute the Revised Disclosure Statement and Solicitation Packages (as defined below) in order to solicit votes on, and pursue confirmation of, the Plan of Liquidation.

3. March 13, 2014 is established as the record date (the "<u>Voting Record Date</u>") for purposes of this Order and determining which creditors are entitled to vote on the Plan of Liquidation and which holders of Claims and/or Interests in non-voting classes are entitled to receive a Non-Voting Party Notice.

4. The Consolidated Hearing Notice, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved.

5. The Consolidated Hearing shall be held on April 28, 2014 at 11:00 a.m. (EST); <u>provided</u>, <u>however</u>, that the Consolidated Hearing may be adjourned from time to time by the Court or the Movants without further notice at any time prior to the commencement of the Consolidated Hearing.

6. Objections to the adequacy of the information set forth in the Revised Disclosure Statement and objections to confirmation of or proposed modifications to the Plan of

01:15069375.3

Liquidation, if any, must (i) be in writing; (ii) state the name and address of the objecting party; (iii) state the amount (if applicable) and nature of the Claim of such party; (iv) state with particularity the basis and nature of any objection to the Revised Disclosure Statement and/or Plan of Liquidation and proposed modifications to the Plan of Liquidation that would resolve such objection; and (v) be filed, together with proof of service, with the Court and served so that they are received by the parties identified in the Consolidated Hearing Notice or the Non-Voting Party Notice no later than 4:00 p.m. (EST), on April 15, 2014 (the "Consolidated Objection Deadline"). Objections that are not timely filed and served in the manner set forth above may not be considered by the Bankruptcy Court.

7. The Movants, and any other party in interest supporting final approval of the Revised Disclosure Statement and confirmation of the Plan of Liquidation, shall be permitted to file replies to objections to the adequacy of the information contained in the Revised Disclosure Statement and confirmation of the Plan of Liquidation no later than 11:59 p.m. (EST) on the second business day prior to the commencement of the Consolidated Hearing.

8. The Committee, in its sole discretion, may submit a letter soliciting votes in favor of the Plan of Liquidation (the "Committee Solicitation Letter") to be included in the Solicitation Package, and the Committee Solicitation Letter substantially in the form attached hereto as Exhibit 4 is hereby approved.

9. The Debtors shall cause to be served, on or before the Solicitation Commencement Date, the Consolidated Hearing Notice on the Notice Parties.

10. The Debtors shall mail or cause to be mailed to holders of Claims entitled to vote on the Plan of Liquidation (collectively, the "Voting Parties"),[3] on or before March 17,

---

[3] The Voting Parties consist of holders of Claims in Class 2 (Convenience Class Claims) and Class 3 (General Unsecured Claims).

2014 (the "Solicitation Commencement Date"), a solicitation package (the "Solicitation Package"), containing: (i) the Consolidated Hearing Notice, which shall set forth (a) this Court's approval of the Revised Disclosure Statement, (b) the Voting Deadline with respect to the Plan of Liquidation, (c) the date and time of the Consolidated Hearing, and (d) the deadline and procedures for filing objections to confirmation of the Plan of Liquidation; (ii) either hard copies or a CD containing a copy of this Order (without exhibits) and a copy of the Revised Disclosure Statement (together with the Plan of Liquidation and other exhibits annexed thereto);[4] (iii) the appropriate Ballot to accept or reject the Plan of Liquidation and a self-addressed, postage paid return envelope; and (iv) the Committee Solicitation Letter, if applicable.

11. The Solicitation Packages and the proposed manner of service thereof satisfy the requirements of Bankruptcy Rule 3017(d) and no further notice is necessary.

12. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties. The Debtors shall mail, or cause to be mailed, a Non-Voting Party Notice to each Non-Voting Party on or before the Solicitation Commencement Date.

13. The Debtors shall cause to be served on or before the Solicitation Commencement Date, the Solicitation Packages, Consolidated Hearing Notice, and Non-Voting Party Notices, as applicable, to:

(a) all persons or entities identified on the Schedules, excluding scheduled Claims that have been (i) superseded by a filed proof of claim prior to the Voting Record Date, (ii) disallowed and/or expunged, or (iii) paid in full;

(b) all parties who filed proofs of claim, as reflected on the official claims register maintained by the Notice, Claims and Balloting Agent, as of the close of business on the Voting Record Date, and whose Claims have not

---

[4] Recipients will also be provided with information on how to obtain a free hard-copy of the Revised Disclosure Statement upon request.

01:15069375.3

been either (i) disallowed and/or expunged or (ii) otherwise settled prior to the Solicitation Commencement Date; and

(c)   the assignee of a transferred and assigned Claim (whether a filed Claim or a Claim included on the Schedules) if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date.

14.   With respect to addresses from which one or more prior notices served in the Chapter 11 Cases were returned as undeliverable with no forwarding address, the Debtors are excused from distributing Solicitation Packages, Consolidated Hearing Notices, and Non-Voting Party Notices, as applicable, to those entities listed at such addresses.

15.   The Debtors are excused from re-distributing Solicitation Packages, Consolidated Hearing Notices, and Non-Voting Party Notices that are returned as undeliverable without a forwarding address.

16.   The Debtors are authorized to make nonsubstantive changes to the Revised Disclosure Statement, the Plan of Liquidation, the Ballots and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Revised Disclosure Statement, the Plan of Liquidation, the Ballots and any other materials in the Solicitation Packages prior to mailing.

17.   April 15, 2014 at 4:00 p.m. (EST) is established as the voting deadline (the "Voting Deadline") for purposes of this Order and solicitation of votes with respect to the Plan of Liquidation.

18.   The Ballots, substantially in the form attached hereto as Exhibits 2-A and 2-B, are approved.

19.   All Ballots of holders of Claims in Classes 2 and 3 must be properly executed, completed, and the original thereof shall be delivered to the Notice, Claims and

01:15069375.3

Balloting Agent so as to be actually received no later than the Voting Deadline.

20. Notwithstanding anything contained herein, the following exceptions shall apply with respect to the voting and tabulation procedures:

(a) If a Claim is deemed Allowed under the Plan of Liquidation or pursuant to a stipulation or settlement agreement approved by order of the Court, such Claim is Allowed for voting purposes in the deemed allowed amount set forth in the Plan of Liquidation, stipulation or settlement agreement. Ballots cast in amounts in excess of their Allowed amounts will only be counted to the extent of the creditors' allowed Claim.

(b) If a proof of claim was timely filed prior to the applicable bar date in an amount that is liquidated and non-contingent, such Claim shall be deemed allowed for voting purposes only and not for purposes of allowance or distribution, in the amount set forth on the proof of claim; provided, however, that a party whose claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan of Liquidation.

(c) If a proof of claim has been timely filed prior to the applicable bar date and such Claim is wholly contingent or unliquidated, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in an amount equal to $1.00.

(d) If a proof of claim has been timely filed prior to the applicable bar date and such Claim is unliquidated or contingent in part, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the liquidated and non-contingent amount only, less any amounts that have been indefeasibly paid toward such Claim.

(e) If a proof of claim has been timely filed prior to the applicable bar date and such Claim is asserted in the amount of $0.00, such Claim shall not be entitled to vote.

(f) If a proof of claim has not been timely filed prior to the applicable bar date, or a Claim has not been otherwise Allowed prior to the Voting Record Date, and such Claim is reflected in the Debtors' Schedules and is not listed as contingent, unliquidated or disputed, such Claim shall be allowed for voting purposes only in the amount reflected in the Debtors' Schedules; provided, however, that a party whose claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan of Liquidation.

01:15069375.3

(g) If a proof of claim has been amended by a later timely filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtors have objected to such earlier filed proof of claim.

(h) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of distribution.

(i) If the Debtors or any other party in interest has filed an objection to a Claim or request for estimation as to a Claim on or before March 25, 2014, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court.

(j) For purposes of voting, classification and treatment under the Plan of Liquidation, each entity that holds or has filed more than one (1) Claim against the same Debtor shall be treated as if such entity has only one (1) Claim in each applicable Class against such Debtor and the Claims filed by such entity against such Debtor shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class against such Debtor shall be the sum of the aggregated Claims of such entity in each applicable Class.

21. The following procedures and general assumptions shall be used in tabulating the Ballots:

(a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor against the same Debtor in a particular Class will be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan of Liquidation.

(b) Creditors must vote all of their Claims against a Debtor within a particular Class either to accept or reject the Plan of Liquidation and may not split their vote. Accordingly, an individual Ballot or multiple Ballots with respect to multiple Claims within a single Class that partially rejects and partially accepts the Plan of Liquidation will not be counted.

(c) If creditors have Claims against multiple Debtors, they must vote all of their Claims to either accept or reject the Plan of Liquidation and may not split their vote. Accordingly, multiple Ballots with respect to multiple Claims against separate Debtors that do not all reject or all accept the Plan of Liquidation will not be counted.

(d) Ballots that fail to indicate an acceptance or rejection of the Plan of Liquidation or that indicate both acceptance and rejection of the Plan of Liquidation, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(e) Only Ballots that are timely received with appropriate signature(s) will be counted. Unsigned Ballots, Ballots not bearing an original signature and/or untimely Ballots will not be counted.

(f) Only creditors may vote unless a properly executed, written power of attorney is submitted with each Ballot cast, which evidences such creditor's intention to have such other person complete the Ballot on the creditor's behalf; <u>provided</u>, <u>however</u>, that, after consultation with the Committee, the Debtors may elect to waive this requirement in their sole and absolute discretion.

(g) A creditor whose Claim is subject to a pending objection or estimation proceeding is not eligible to vote unless such objection(s) are resolved in such creditor's favor, the creditor and the Debtors (after consultation with the Committee, but in their sole and absolute discretion) stipulate to a Claim for voting purposes only, or, after notice and a hearing pursuant to Bankruptcy Rule 3018(a), the Bankruptcy Court allows the Claim temporarily or estimates the amount of the Claim for purposes of voting to accept or reject the Plan of Liquidation.

(h) Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(i) Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

(j) Whenever a creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots.

(k) If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

(l) Each creditor shall be deemed to have voted the full amount of its Claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Notice, Claims and Balloting Agent and the Debtors, after consultation with the Committee, which determination shall be final and binding.
01:15069375.3

(m) Any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted for voting or tabulation purposes.

(n) Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan of Liquidation shall not be counted for voting or tabulation purposes.

(o) Any Ballot voting on account of a proof of claim filed after the applicable bar date that has not been temporarily allowed for voting purposes by order of the Court shall not be counted for voting or tabulation purposes.

(p) Except in the Debtors' sole and absolute discretion after consultation with the Committee, any Ballot transmitted to the Notice, Claims and Balloting Agent by facsimile or other electronic means shall not be counted for voting or tabulation purposes

(q) Subject to contrary order of the Court, the Debtors, after consultation with the Committee, reserve the right to reject any and all Ballots not proper in form, the acceptance of which, in the Debtors' opinion, would not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Court.

(r) Subject to contrary order of the Court, the Debtors, after consultation with the Committee, in their sole and absolute discretion, may waive any defect in any Ballot at any time before or after the Voting Deadline and without notice.

22. In the event any Class of Claims does not have a holder of an Allowed Claim or a Claim temporarily Allowed by the Court as of the date of the Consolidated Hearing, such class or classes will be deemed eliminated from the Plan of Liquidation for purposes of voting to accept or reject the Plan of Liquidation and for purposes of determining acceptance or rejection of the Plan of Liquidation by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code. Where an impaired Class of Claims is otherwise entitled to vote on the Plan of Liquidation, but no Claim in such Class is voted, such Class may be deemed to have accepted the Plan of Liquidation.

01:15069375.3

23. Any creditor seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan of Liquidation pursuant to Bankruptcy Rule 3018(a) shall be required to file a motion for such relief no later than 4:00 p.m. (prevailing Eastern Time) on April 8, 2014, and that the Court shall schedule a hearing on such motion, if any, for a date on or prior to the Consolidated Hearing.

24. In accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, the Debtors (including their attorneys, accountants, restructuring personnel, balloting agent, other agents, and all other representatives, each solely in their capacity as such) shall not have any liability on account of soliciting votes on the Plan of Liquidation or participating in such solicitation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan.

25. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

26. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: _March 13_, 2014
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:15069375.3