IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LMI LEGACY HOLDINGS INC., et al., | Case No. 13-12098-CSS |
| Debtors. | Jointly Administrated |
| | Objection Deadline: April 15, 2014 at 4:00 p.m. (ET)<br>Hearing Date: April 28, 2014 at 11:00 a.m. (ET)<br>RE: Docket No. 650, 651 and 652 |

**OBJECTION OF PASSAIC HEALTHCARE SERVICES, LLC,
D/B/A ALLCARE MEDICAL TO JOINT PLAN OF LIQUIDATION
OF LMI LEGACY HOLDINGS INC. AND ITS DEBTOR AFFILIATES
<u>PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

Passaic Healthcare Services, LLC, d/b/a Allcare Medical ("Allcare") by and through its undersigned counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submits this objection to the Joint Plan of Liquidation of LMI Legacy Holdings Inc. and Its Debtor Affiliates pursuant to Chapter 11 Of The Bankruptcy Code (D.I. 644) (the "Plan"), and states as follows:

**OBJECTION**

1.  As foretold by Allcare in January, Allcare is forced back before this Court to object to confirmation of the Plan because the Debtors and GUC Trust have still sought to enjoin Allcare from pursuing liquidation of its claims and failed to provide adequate protection for its secured claim in the Plan. *See Reply Of Passaic Healthcare Services, LLC, d/b/a Allcare Medical In Support Of Its Motion For Relief From The Automatic Stay* at ¶ 5 [D.I. 508, January 14, 2014] attached hereto as Exhibit A ("Further, there is no money in these estates to adequately protect Allcare's setoff claim and the responses do not even attempt to address this adequate protection issue. It is a waste of this Court's judicial resources to wait until plan confirmation, when Allcare will be back in front of this Court to address this same issue. It is more sensible to

2191192-1

allow Allcare now to pursue the Pending New York Litigation in its entirety to liquidate the claim in front of the Court with knowledge of the issues, in one proceeding.")

2. As indicated in the Disclosure Statement and as described in Allcare's *Motion for Relief from the Automatic Stay* attached hereto without exhibits as Exhibit B (D.I. 436) and its timely filed proof of claim (Claim No. 265), Allcare has claims against one of the Debtors, Landauer-Metropolitan, Inc., related to litigation currently pending in the Supreme Court of the State of New York, County of Nassau (the "Allcare Cause of Action"). Pursuant to the Sale of the Debtors' assets, all alleged claims of the Debtors against Allcare were transferred to the Purchaser and then to GUC Trust, including counterclaims asserted in that New York litigation.[1]

3. To the extent that the GUC Trust successfully asserts any claims or causes of action against Allcare, Allcare believes that the Allcare Cause of Action gives rise to the defense of recoupment with respect to these claims. The GUC Trust has already stated its opposition to this position in its Objection to Allcare's Motion for Relief Stay (D.I. 492), namely that "Allcare has no recoupment right." Objection at ¶18. To the extent that Allcare's claims are not in the nature of recoupment but rather setoff, Allcare asserts that such right of setoff gives rise to a secured claim pursuant to Section 553 and 506 of the Bankruptcy Code.

4. Pursuant to negotiations between the parties, Article VI.J. of the Plan was amended to preserve Allcare's right to assert all valid setoff and recoupment claims. However, the parties could not agree on further language, and as it currently stands, Allcare may not assert any setoff claims because they are currently subject to the automatic stay of Section 362 of the Bankruptcy code and will be further stayed post-confirmation due to the

---

[1] This litigation has been stayed by agreement of the parties and order of this Court until June 4, 2014 pursuant to the Non-Compete Litigation Settlement (D.I. 542) (the "Standstill").

injunction in Article VIII.F. (the "Plan Injunction")[2].

5. For the same reasons as set forth in its Motion for Relief from the Automatic Stay, which Allcare incorporates herein, Allcare believes this Court should modify the Plan Injunction now to allow Allcare to liquidate its claims in the Pending New York Litigation immediately after expiration of the Standstill should the parties not be able to reach a consensual resolution before that time. As stated in the Allcare Motion for Relief Stay, *inter alia*, granting relief to allow the continuation of litigation is noted to be an appropriate way to conserve judicial resources. *See In re Pro Football Weekly, Inc.*, 60 B.R. 824 (N.D. Ill. 1986). Allcare's claim will have to be liquidated and there is already a forum where issues have been presented.[3]

6. In the event the Court does not grant modification of Plan Injunction at confirmation, Allcare explicitly does not waive any rights to seek this relief later and should not be prejudiced accordingly. *See, e.g. In re McCulloch*, 12-20084, 2013 WL 5592880 (Bankr. S.D. Tex. Oct. 10, 2013) ("If a discharge is granted, the injunction 11 U.S.C. §524 replaces the automatic stay upon discharge. Even if the Stay is lifted during the case, the discharge injunction begins at discharge and is unaffected by an order lifting the stay").

7. It is axiomatic that a secured creditor is entitled to adequate protection of its secured claim. This Plan does not provide any adequate protection for Allcare's secured setoff claim. In fact, does not classify or address how it would pay any such claims and

---

[2] Although Allcare does not believe it was the intent of the parties, to the extent that the Plan Injunction may be read to release or affect Allcare's claims and defenses preserved under the Settlement Agreement and Sale Order, Allcare hereby objects to the Plan accordingly.

[3] To the extent that this Court defers a decision on modification of the Plan Injunction to a later date, it should be made clear that Allcare would not be prejudiced by the exclusive jurisdiction provisions of Article IX and in the event of granting such modification, these provisions should likewise not apply. Furthermore, Allcare specifically reserves its rights to argue that the Allcare Claims are not subject to the automatic stay or the Plan Injunction because, *inter alia*, such claims were transferred out of the estate to a third party non-debtor pursuant to the Sale Order.

therefore, the Plan is not confirmable on its face.[4]

### Joinder in Objections of Louis P. Rocco and Saverio D. Burdi

8. Allcare joins in the Objection of Louis P. Rocco and Saverio D. Burdi to the extent applicable and incorporates their arguments herein.

### Reservation of Rights

9. Allcare reserves all of its rights to object to the confirmation order when such proposed order is made available and in the event that this Court does not allow modification of the Plan Injunction at this time, Allcare reserves all of its rights and arguments to seek modification of the Plan Injunction at a later time. Finally, Allcare reserves its rights to adopt any other objections to confirmation of the Plan filed by any other party in interest.

        **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

        /s/ Gary D. Bressler
        Gary D. Bressler (DE 5544)
        David P. Primack (DE 4449)
        300 Delaware Avenue, Suite 770
        Wilmington, DE  19801
        Telephone:  (302) 300-4515
        Facsimile:   (302) 654-4031

        -and-

        Of Counsel
        Louis A. Modugno
        McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
        1300 Mount Kemble Avenue, P.O. Box 2075
        Morristown, NJ  07962-2075
        Telephone: (973) 993-8100
        Facsimile: (973) 425-0161

        *Counsel to Passaic Healthcare Services, LLC, d/b/a Allcare Medical*

---

[4] In the alternative, the Court could determine at confirmation that Allcare's claims are in the nature of recoupment and therefore obviate the need for the Debtors to separately classify and provide for adequate protection of such claims.