**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LMI LEGACY HOLDINGS, INC., *et al.*,[1] | Case No. 13-12098 (CSS) |
| Reorganized Debtors. | Jointly Administered |
| | **Related Docket No. 814** |

**CERTIFICATION OF COUNSEL REGARDING
ORDER GRANTING MOTION OF RAYMOND LOFFREDO FOR RELIEF
FROM THE AUTOMATIC STAY AND DISCHARGE INJUNCTION**

The undersigned, counsel for Raymond Lofreddo, hereby certifies as follows:

1. On May 29, 2014, Mr. Loffredo filed his *Motion of Raymond Loffredo for Relief from the Automatic Stay and Discharge Injunction* [Docket No. 814] (the "Motion").

2. On July 9, 2014, the GUC Trust filed the *Objection of the LMI GUC Trust to the Motion of Raymond Loffredo for Relief from the Automatic Stay and Discharge Injunction* [Docket No. 854] (the "Objection").

3. At a hearing on the Motion held on July 15, 2014, the Court denied the Motion without prejudice to Mr. Loffredo's right to re-notice the Motion after January 1, 2015.

4. On December 5, 2014, Mr. Loffredo re-noticed the Motion for hearing on January 12, 2015 [Docket No. 941] (the "Hearing").

5. At the Hearing, the Court granted the Motion with a provision that the relief sought would become effective on February 2, 2015. A proposed order incorporating this revision is attached as hereto as Exhibit A (the "Proposed Order").

---

[1] The Reorganized Debtors in these cases are as follows: LMI Legacy Holdings Inc.; LMI Legacy Holdings II Inc.; LMI Legacy Holdings III Inc.; LMI Legacy Holdings IV Inc.; LMI Legacy Holdings I LLC; LMI Legacy Holdings II LLC; LMI Legacy Holdings III LLC; LMI Legacy Holdings IV LLC.

6.  A draft of the Proposed Order has been shared with counsel for the GUC Trust and Reorganize Debtors and is without objection. A redlined version of the Proposed Order showing changes from the original proposed Order that was filed with the Motion is attached hereto as Exhibit B.

WHEREFORE, Mr. Loffredo respectfully requests that the Court enter the Proposed Order attached hereto as Exhibit A at its earliest convenience.

Dated: February 2, 2015
Wilmington, Delaware

**SULLIVAN • HAZELTINE • ALLINSON LLC**

*/s/ E.E. Allinson III*
William A. Hazeltine (No. 3294)
Elihu E. Allinson III (No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

*Attorneys for Raymond Loffredo*

# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LMI LEGACY HOLDINGS INC., *et al.*, | ) | Case No. 13-12098 (CSS) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related Docket No. 814** |

## ORDER GRANTING MOTION OF RAYMOND LOFFREDO FOR RELIEF FROM THE AUTOMATIC STAY AND DISCHARGE INJUNCTION

This matter coming before the Court on the *Motion of Raymond Loffredo for Relief From the Automatic Stay and Discharge Injunction* (the "Motion"); the Court having reviewed the Motion, any objections or responses to the Motion, and all related pleadings; the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for relief granted herein; and that notice of the Motion was sufficient under the circumstances;

IT IS HEREBY ORDERED as follows:

1. The Motion is Granted as set forth herein.

2. The automatic stay and any injunction imposed by the Discharge[1] shall be, and hereby is, modified solely to the extent necessary to permit Raymond Loffredo to pursue the District Court Action to judgment or other resolution. To the extent Mr. Loffredo obtains any judgment or other resolution against the Debtors, he shall first satisfy any such judgment or other resolution from the proceeds of any applicable insurance policies. Thereafter, Mr. Loffredo may pursue any deficiency claim by amending his general unsecured claim.

3. The relief sought in the Motion shall take effect on February 2, 2015. To the extent applicable, the provisions of Fed. R. Bankr. P. 4001(a)(3) are waived.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings assigned to them in the Motion.

4.  This Court retains jurisdiction with respect to all matters arising from or related to implementation of this Order.

Dated: January _____, 2015

                                                                                                                              _____
                                                                                                                              The Honorable Christopher S. Sontchi
                                                                                                                              United States Bankruptcy Court Judge

# Exhibit B

*Formatted: Header*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LMI LEGACY HOLDINGS INC., *et al.*, | ) | Case No. 13-12098 (CSS) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related Docket No.** ——— 814 |

### ORDER GRANTING MOTION OF RAYMOND LOFFREDO FOR RELIEF FROM THE AUTOMATIC STAY AND DISCHARGE INJUNCTION

This matter coming before the Court on the *Motion of Raymond Loffredo for Relief From the Automatic Stay and Discharge Injunction* (the "Motion"); the Court having reviewed the Motion, any objections or responses to the Motion, and all related pleadings; the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for relief granted herein; and that notice of the Motion was sufficient under the circumstances;

IT IS HEREBY ORDERED as follows:

1. The Motion is Granted as set forth herein.

2. The automatic stay and any injunction imposed by the Discharge[1] shall be, and hereby is, modified solely to the extent necessary to permit Raymond Loffredo (the "Movant") to pursue the District Court Action to judgment or other resolution and satisfy any. To the extent Mr. Loffredo obtains any judgment or other resolution he may obtain against the Debtors in the, he shall first instancesatisfy any such judgment or other resolution from the proceeds of any applicable insurance policies. Thereafter, Mr. Loffredo may pursue any deficiency claim by amending his general unsecured claim.

3.3. The relief sought in the Motion shall take effect on February 2, 2015. To the extent applicable, the provisions of Fed. R. Bankr. P. 4001(a)(3) are waived.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings assigned to them in the Motion.

*Formatted: Footer*

**Formatted:** Header

4. This Court retains jurisdiction with respect to all matters arising from or related to implementation of this Order.

Dated: ~~July~~ ~~, 2014~~January _____, 2015

             _____
             The Honorable Christopher S. Sontchi
             United States Bankruptcy Court Judge

**Formatted:** Footer